**Mark Anthony APONTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 10–11–00372–CR, 10–11–00373–CR, 10–11–00374–CR, 10–11–00375–CR, 10–11–00376–CR.**

Court of Appeals of Texas, Waco.

Dec. 7, 2011.

Scott K. Stevens, Gatesville, for Appellant.

David A. Castillo, Coryell County Dist. Atty., Gatesville, for Appellee.

Before Chief Justice GRAY, Justice DAVIS, and Justice SCOGGINS.

## ORDER

PER CURIAM.

A notice of appeal in these cases was filed in the trial court on September 26, 2011. Generally, in a criminal case, if a motion for new trial is not filed, the appellate record, which includes the reporter's record and clerk's record, is due within 60 days after the date the criminal sentence is imposed or suspended in open court. *See* Tex.R.App. P. 35.2(a). From the information received by the Court, it appears that the sentences were imposed on August 24, 2011, and that no motion for new trial was filed. Accordingly, by the Court's calculations, the appellate record was due on October 24, 2011. It has not been filed.

The court reporter, by letter dated October 26, 2011, requested an extension of time to file the reporter's record. Although a request for an extension of time to file the appellate record is not contemplated by the Rules of Appellate Procedure, the reporter requested an extension of 120 days.

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. Tex.R.App. P. 35.3(c). However, it is the trial court that must determine the priority of work assigned to the reporter. Tex.R.App. P. 13.3. ("The trial court must help ensure that the court reporter's work is timely accomplished by setting work priorities. The reporter's duties relating to proceedings before the court take preference over other work."). Further, the appellate court may enter any order necessary to ensure the timely filing of the appellate record. Tex.R.App. P. 35.3(c).

By letter order dated November 7, 2011, the Clerk of this Court notified the court reporter that this Court preferred the reporter, working with the trial court, determine the date by which the reporter's record would be filed and specify that date in the request for an extension of time. The court reporter was also informed that before this Court would grant an extension of the amount of time requested, the Court would require a copy of the request be approved by the trial court and a copy provided to the parties. The court reporter was then asked to present the request for an extension of time to file the reporter's record to the trial court, obtain the trial court's approval, and send copies of the request to each of the parties and to this Court within 7 days from November 7, 2011.

The court reporter's amended request for an extension of time to file the reporter's record was filed in this Court on November 16, 2011. The court reporter requested an extension of time until a specific date by which the reporter could file the reporter's record, February 21, 2012; provided a detailed explanation of why this record would take so long to prepare, which included the length of the trial; and also explained the reasons for the date requested. The request was approved by the trial court, and the parties were provided a copy of the approved request.

The reporter's request for an extension of time to file the reporter's record is granted. The reporter's record is due February 12, 2012.